IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| RANDALL FOSTER,               )<br>                                              )<br>       Petitioner,            )<br>                                              )<br>       v.                            )         No.  09-3034<br>                                              )<br>UNITED STATES OF AMERICA,   )<br>                                              )<br>       Respondent.         )  | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This cause is before the Court on Petitioner Randall Foster's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Motion) (d/e 1) and Memorandum of Law in Support of the 28 U.S.C. § 2255 Motion (d/e 10).  Respondent filed Government's Response to Petitioner's Motion Under 28 U.S.C. § 2255 (Response) (d/e 12).  Petitioner then filed Petitioner's Reply to Government's Response to Petitioner's Motion Under U.S.C. [sic] 28 U.S.C. § 2255 (d/e 14).  The Court held an evidentiary hearing on July 16, 2010.  This matter is fully briefed and ripe for adjudication.  For the reasons described below, Petitioner's Motion is denied.

1

## FACTS

On June 6, 2007, the Government charged Petitioner in a two-count Indictment with: (1) knowingly receiving child pornography that had been mailed, shipped, and transported in interstate and foreign commerce, by any means, including computer, in violation of 18 U.S.C. § 2252A(a)(2)(A); and (2) knowingly possessing pictures, computer hard drives, computer discs and other material that contained three or more images of child pornography that had been mailed, shipped, and transported in interstate and foreign commerce, by any means, including computer, in violation of 18 U.S.C. § 2252A(a)(5)(B).  Cent. Dist. of Ill. Case No. 07-30067, Indictment (d/e 1). At his arraignment hearing on June 27, 2007, U.S. Magistrate Judge Byron G. Cudmore appointed Assistant Federal Public Defender Douglas Beevers to represent Petitioner, who pleaded not guilty.  Cent. Dist. of Ill. Case No. 07-30067, Minute Entry of June 27, 2007.

On October 1, 2007, Petitioner entered guilty pleas to both charges before Judge Cudmore.  Cent. Dist. of Ill. Case No. 07-30067, Minute Entry of October 1, 2007.  Assistant Federal Public Defender William C. Zukosky joined the case as counsel for Petitioner on November 1, 2007.  This Court accepted Petitioner's pleas of guilty on November 8, 2007.  Cent. Dist. of

Ill. Case No. 07-30067, Text Order of November 8, 2007. Prior to Petitioner's sentencing hearing on February 4, 2008, Assistant Federal Defender Robert A. Alvarado replaced Beevers and Zukosky as Petitioner's counsel of record. Cent. Dist. of Ill. Case No. 07-30067, Docket Entry of February 4, 2008.

The Court sentenced Petitioner to a 97-month term of imprisonment on each count, to run concurrently, in addition to a life term of supervised release and a $200 special assessment. Cent. Dist. of Ill. Case No. 07-30067, Minute Entry of February 4, 2008. As a condition of his supervised release, Petitioner was prohibited from possessing any material depicting nudity or sexual activity, and sexually arousing material. Cent. Dist. of Ill. Case No. 07-30067, Sentencing Recommendation (d/e 19), p.3-4, ¶ 5. At the conclusion of the sentencing hearing, the Court advised Petitioner of his right to appeal. Cent. Dist. of Ill. Case No. 07-30067, Minute Entry of February 4, 2008 & Opinion (d/e 14). The Court entered judgment against Petitioner on February 8, 2008. Cent. Dist. of Ill. Case No. 07-30067, Judgment in a Criminal Case (d/e 16).

Petitioner filed his Notice of Appeal on November 17, 2008. Cent. Dist. of Ill. Case No. 07-30067, Notice of Appeal (d/e 24). However, on

March 17, 2009, the U.S. Court of Appeals for the Seventh Circuit dismissed Petitioner's appeal as untimely. Cent. Dist. of Ill. Case No. 07-30067, Order of USCA (d/e 30). The Seventh Circuit issued its mandate on April 8, 2009. Cent. Dist. of Ill. Case No. 07-30067, USCA Mandate (d/e 31).

Petitioner filed this § 2255 action on February 4, 2009. On July 16, 2010, the Court held an evidentiary hearing on the question of whether Petitioner was denied his Sixth Amendment right to effective assistance of counsel when Alvarado allegedly failed to advise Petitioner of his right to appeal. The Court appointed attorney Jason R. Vincent to represent Petitioner at the evidentiary hearing. Petitioner testified at the hearing that he did not request that Alvarado file a notice of appeal on his behalf, nor did he communicate a desire to appeal to Alvarado. Petitioner initially stated that he did not talk to Alvarado prior to his sentencing hearing on February 4, 2008, but later remembered that he had, in fact, communicated with Alvarado over the telephone regarding the Revised Presentence Investigation Report. Petitioner testified that he called Alvarado approximately one month after his sentencing hearing, but he does not recall asking Alvarado to file a notice of appeal or even asking about an appeal.

Alvarado also testified at the hearing. He remembered taking over Petitioner's criminal case in late 2007, after conferring with Beevers and Zukosky about the case. Alvarado remembered communicating with Petitioner over the phone prior to Petitioner's sentencing hearing. Alvarado said that he always discussed the applicable U.S. Sentencing Guidelines provisions with his clients prior to sentencing, and advised them that, while the ranges were advisory only, the Seventh Circuit treated any sentence within the Guidelines range as presumptively reasonable. Alvarado stated that he always discussed his clients' appellate rights with them in this context. In Petitioner's case, Alvarado stated that he was sure that he went over this information with Petitioner because Alvarado was coming into the case after two other attorneys had handled it, and he wanted to make certain that Petitioner understood his rights. Alvarado recommended a sentence of 97 months imprisonment, which was the low end of the Guidelines range, and the sentence imposed by the Court.

After the sentencing hearing, Alvarado remembered speaking with Petitioner over the telephone, but did not specifically remember the substance of the conversation. Alvarado stated that Petitioner did not instruct him to file a notice of appeal, and did not communicate a desire to

5

appeal. After sentencing, Alvarado drafted a memorandum to Petitioner's file, as was his common practice and the policy of the Federal Public Defender's Office. Alvarado testified that he always indicated whether there would be an appeal in a case, and whether there would be a Rule 35 motion. In Petitioner's case, Alvarado indicated that there would be no appeal. He testified that he would not have done this had he not advised Petitioner of his appellate rights.

At the conclusion of the hearing, the Court found that Alvarado's testimony was credible, and that Petitioner had not been denied effective assistance of counsel. The Court also denied the remainder of the Motion, for the reasons stated of record at the time, and for the reasons described below.

## ANALYSIS

Petitioner presents four grounds for relief in his Motion. First, Petitioner argues that the Court did not have jurisdiction to adjudge him guilty or sentence him because the Indictment did not allege a federal offense. Next, Petitioner argues that he was punished twice for the same offense, in violation of the Fifth Amendment's Double Jeopardy Clause. Petitioner's third argument is that his Sixth Amendment rights were violated

because he was denied effective assistance of counsel in three respects: (1) trial counsel's failure to object to the "multiplicitous" counts in the Indictment; (2) trial counsel's failure to object to the conditions of his supervised release; and (3) counsel's failure to discuss Petitioner's appellate rights with him.  Finally, Petitioner asserts that his due process rights under the Fifth Amendment were violated when the Court imposed a term of supervised release that exceeded the maximum term of imprisonment available for the charges of conviction.

Relief under 28 U.S.C. § 2255 is only appropriate if a petitioner demonstrates "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude, or result in a complete miscarriage of justice."  <u>Boyer v. United States</u>, 55 F.3d 296, 298 (7th Cir. 1995); <u>see</u> <u>Scott v. United States</u>, 997 F.2d 340, 342-43 (7th Cir. 1993).  To prevail in a § 2255 action, a petitioner must show "a fundamental defect which inherently results in a complete miscarriage of justice, []or an omission inconsistent with the rudimentary demands of fair procedure."  <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962) <u>United States ex rel. Peery v. Sielaff</u>, 615 F.2d 402, 404 (7th Cir. 1979).

A motion under § 2255 is not a substitute for a direct appeal, nor can

7

it be used to evade the decision of an appellate court on direct appeal. United State v. Frady, 456 U.S. 152, 165 (1982); Doe v. United States, 51 F.3d 693, 698 (7th Cir. 1995). Thus, a petitioner cannot raise issues already raised on direct appeal, absent a showing of new evidence or changed circumstances. Varela v. United States, 481 F.3d 932, 935-36 (7th Cir. 2007). Nor can he raise non-constitutional issues that he could have raised on direct appeal. McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996). Finally, a petitioner may not raise constitutional issues that were not raised on direct appeal. Id. at 1177-78. Failure to raise such claims on direct appeal results in the claims being procedurally defaulted on collateral attack. Torzala v. United States, 545 F.3d 517, 522 (7th Cir. 2008).

The only way to escape procedural default in these circumstances is for a petitioner to allege and prove actual innocence, or cause for and actual prejudice from the failure to take a direct appeal. Id. Ineffective assistance of counsel can constitute cause for a habeas petitioner's failure to appeal in the underlying criminal case. Murray v. Carrier, 477 U.S. 478, 488-89 (1986); see Fern v. Gramley, 99 F.3d 255, 259 n.4 (7th Cir. 1996); Rosenwald v. United States, 898 F.2d 585, 587 (7th Cir. 1990).

In this case, Petitioner failed to appeal his conviction and sentence.

Therefore, all of his claims are procedurally defaulted unless he can show cause for and prejudice from his failure to appeal. Petitioner argues that the cause for his failure to appeal was ineffective assistance of counsel in that his attorney, Alvarado, did not advise him of his appellate rights. The Court held an evidentiary hearing on this very issue on July 16, 2010, and found that Petitioner had not been denied effective assistance of counsel. The Court found that Alvarado's testimony was credible, and that he had adequately consulted Petitioner about the advantages and disadvantages of appealing his sentence. See Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000); Bednarski v. United States, 481 F.3d 530, 535 (7th Cir. 2007).

The Court went on to find that, even if Alvarado had not counseled Petitioner on his appellate rights, Alvarado still fulfilled his constitutional duty under Flores-Ortega. In that case, the U.S. Supreme Court held that:

> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.

Flores-Ortega, 528 U.S. at 480; see Bednarski, 481 F.3d at 535. Petitioner here admitted that he did not instruct Alvarado to file a notice of appeal,

9

and that he did not communicate a desire to appeal to Alvarado. Therefore, the only issue is whether there were nonfrivolous grounds for Petitioner to appeal.

As the Court noted at the evidentiary hearing, Petitioner entered an unconditional guilty plea to the Indictment, meaning that he waived all non-jurisdictional defects that occurred prior to the plea. See United States v. Elizalde-Adame, 262 F.3d 637, 639 (7th Cir. 2001); United States v. Galbraith, 200 F.3d 1006, 1010 (7th Cir. 2000). Therefore, under Flores-Ortega, Petitioner did not have nonfrivolous grounds to appeal with respect to his double jeopardy argument because he could not have raised that argument on appeal. As far as Petitioner's arguments regarding the duration of his period of supervised release go, a lifetime term of supervision is specifically authorized by statute. 18 U.S.C. § 3583(k); see United States v. Kennedy, 499 F.3d 547, 553 (6th Cir. 2007). Appealing the term of supervised release would have likewise been frivolous. Even assuming that Alvarado did not consult with Petitioner about his appellate rights in the underlying criminal case, Petitioner was not denied effective assistance of counsel under Flores-Ortega with respect to these claims, and his procedural default is not excused.

Unlike the other allegations, Petitioner's argument that the Indictment in his criminal case did not allege a federal offense because it failed to state that the images Petitioner received traveled in interstate commerce is jurisdictional in nature. However, this argument is without factual support, as the Indictment in the criminal case clearly states that Petitioner "did knowingly receive child pornography that had been mailed and shipped and transported in interstate and foreign commerce by any means, including computer." Cent. Dist. of Ill. Case No. 07-30067, Indictment, ¶ 6. Again, assuming that Alvarado did not consult with Petitioner about his appellate rights, no rational defendant would have appealed this jurisdictional issue, as any such appeal would have been frivolous. Petitioner was not denied effective assistance of counsel, and his procedural default is not excused.

In short, Petitioner has not shown cause for and prejudice from his failure to take a direct appeal. Accordingly, the claims that he presents in his Motion are procedurally defaulted, and the Court must deny the Motion.

Pursuant to Rule 11 of the Rules Governing Section 2255 Cases, the Court now considers whether it should issue Petitioner a Certificate of Appealability (COA). A federal district court should issue a COA only if

"the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A § 2255 petitioner must demonstrate that "'reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Sandoval v. United States, 574 F.3d 847, 852 (7th Cir. 2009) (quoting Arredondo v. Huibregtse, 542 F.3d 1155, 1165 (7th Cir. 2008) (internal quotation marks and citations omitted)). Rule 11 allows a court to have the parties "submit arguments on whether a certificate should issue." See Rules Governing Section 2255 Cases, Rule 11. In this case, the Court finds that such a step is unnecessary.

No reasonable jurist could debate that claims raised in the Motion are procedurally defaulted. Nor could a reasonable jurist find that Petitioner's counsel was ineffective for not filing a notice of appeal when Petitioner did not ask him to do so, did not communicate a desire to appeal, and when any appeal would have been frivolous. In summary, Petitioner has not met his burden, and accordingly the Court denies Petitioner a COA.

THEREFORE, as stated at the July 16, 2010, evidentiary hearing, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or

Correct Sentence by a Person in Federal Custody (d/e 1) is DENIED.  The Court likewise denies Petitioner a certificate of appealability.  All pending motions are DENIED as MOOT.  This case is closed.

IT IS THEREFORE SO ORDERED.

ENTER:   July 20, 2010

       FOR THE COURT:

                                            s/ Jeanne E. Scott
                                            JEANNE E. SCOTT
                                 UNITED STATES DISTRICT JUDGE